MOORE v. INSTITUTE OF EDUCATIONAL TRAVEL, Inc.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

1. CORPORATIONS (§ 396*)—RIGHT OF CREDITOR TO EXAMINE STOCKBOOK—
   STATUTE.
   
   Stock Corporation Law (Consol. Laws, c. 59) § 32, subjecting corporations to an action for accumulated penalties for willfully neglecting or refusing to allow a judgment creditor to examine stockbooks, is highly penal in character, and will be construed strictly against the creditor, as allowing no recovery unless the refusal was willful.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 683, 684, 1579–1584; Dec. Dig. § 396.*]

2. CORPORATIONS (§ 396*)—FAILURE TO KEEP STOCKBOOK—EFFECT ON STATU-
   TORY RIGHT OF JUDGMENT CREDITOR TO INSPECT.
   
   Where defendant corporation, in an action to recover penalties for refusal to exhibit its stockbook to a judgment creditor, brought under Stock Corporation Law, § 32, had never issued certificates of stock and had no stockbook, but had promptly shown on request the only book of the nature in its possession, a book of blank stock certificates, it was not guilty of willful refusal to exhibit.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 683, 684, 1579–1584; Dec. Dig. § 396.*]

3. CORPORATIONS (§§ 395, 396*) — FAILURE TO KEEP STOCKBOOK — EFFECT ON
   CREDITOR'S RIGHT TO EXAMINE—MODE OF ENFORCEMENT.
   
   A corporation cannot defeat the rights of creditors to know who its stockholders are by failing to keep a stockbook, but the right of action for the statutory penalty for such failure is in the state.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 683, 684, 1577, 1579–1584; Dec. Dig. §§ 395, 396.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Albert S. Moore against the Institute of Educational Travel, Incorporated.  Judgment for plaintiff, and defendant appeals.  Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Louis O. Bergh, of New York City, for appellant.

Burnstine & Geist, of New York City (Julius Kendler, of New York City, of counsel), for respondent.

SHEARN, J.   Appeal by defendant from judgment for $52 in an action under section 32 of the Stock Corporation Law by a judgment creditor against a corporation for accumulated penalties for alleged refusals to allow the judgment creditor to examine its stockbook.  The judgment on which the plaintiff based his right to $500 as penalties was for $29.

The defendant had never issued any certificates of stock, and had no stockbook.  It had merely a stock certificate book, containing 50 stock certificates.  There were no writings in the stock certificate book, except that the first and second certificates were signed in blank by the president and treasurer.  Plaintiff went to the office of the defendant

in the Metropolitan Building, and saw the treasurer, who told him that the books were at New York University. Plaintiff then went to the place directed, the office of defendant's vice president on Washington Square East, and asked the vice president for permission to see the stockbook. The stock certificate book was shown to him immediately in default of the statutory stockbook, there being no such book.

[1, 2] This statute is highly penal in character and is to be strictly construed against the plaintiff. There can be no recovery in such a case unless the neglect or refusal is willful. The defendant gave plaintiff access to the only book it had that contained information concerning the issue of stock certificates. Under these circumstances, it could not be guilty of willful refusal to exhibit a book that it did not keep; the reason for not keeping it being that no stock certificates had ever been issued.

[3] This does not mean that a corporation can with impunity fail to keep a stockbook, and thus defeat the right of those entitled to know who the stockholders are. There is a separate penalty for failure to keep a stockbook, but the right of action for its violation is given only to the people of the state of New York.

Judgment reversed, with costs, and complaint dismissed upon the merits, with costs. All concur.